IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZORAN ALEKSIC AND ZORANA ALEKSIC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| EQUIFAX INFORMATION SERVICES, LLC, | ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

## INTRODUCTION

1. Plaintiffs bring this action to secure redress from unlawful credit reporting practices of defendant Equifax Information Services, LLC, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 15 U.S.C. §1681p (FCRA).

3. Venue in this District is proper because defendants are subject to jurisdiction here.

## PARTIES

4. Plaintiffs are individuals who reside in the Northern District of Illinois.

5. Defendant Equifax is a credit reporting agency that does business in Illinois. Its registered agent is Illinois Corporation Service Company, 700 S. 2d St., Springfield, IL 62704.

## FACTS

6. Defendant has been mixing plaintiffs' credit files..

7. Plaintiffs have similar first names and identical last names. Plaintiffs are father

and adult daughter, who immigrated to the United States at the same time, and were therefore assigned social security numbers that are very similar.

8. Plaintiffs have repeatedly disputed this with defendant over the past two years, online, by phone and by mail, but defendant continues to insert tradelines, names and other information belonging to one plaintiff into the other plaintiff's credit report.

9. Plaintiffs' most recent disputes are attached as Exhibit A.

10. On information and belief, this is occurring because the algorithms defendant uses to match information with consumer files consider information to be a match if the names are similar and the social security numbers are less than one to two digits different. Defendant was well aware when it created its algorithms, that this would result in individuals like plaintiffs, who have similar names and share most digits of their social security numbers with each other, having their credit files mixed.

11. At times, plaintiffs have had difficulties obtaining copies of their own current credit reports from Equifax, apparently because their files are so mixed. Plaintiffs had to request their files by mail, and Mr. Aleksic's file lists Zorana, his daughter's name, as his first name.

12. On information and belief, defendant is including some of both plaintiffs' credit obligations on the reports they provide to potential creditors for each plaintiff. When one of the plaintiffs applies for credit, plaintiffs have been denied credit on the grounds that they have excessive debt, too many open credit accounts, and too many credit inquiries.

13. On information and belief, on multiple occasions, defendant has supplied potential creditors with the wrong plaintiff's credit file when plaintiffs have applied for credit, and as result, Mr. Aleksic had at least one account in which the creditor opened the account using Ms. Aleksics' social security number. When plaintiffs complained about this fact, the creditors insisted they must use the information supplied by the credit bureaus, which on information and belief included defendant, and not the information supplied by plaintiffs.

14. Ms. Aleksic has also received collection calls that were intended for Mr. Aleksic,

and when she asked why they were calling her, she was informed that they got her information from the credit bureaus, which on information and belief, included on at least one occasion defendant.

15. Plaintiffs have suffered actual damages in the denial of credit, and emotional distress as a result of defendant's conduct. Mr. Aleksic has been unable to purchase a new vehicle for his business as a result, which has resulted in lost income. He has also been hospitalized for stress related illnesses, has had trouble sleeping and has experienced depression caused by his inability to obtain credit. Ms. Aleksic could not get a student loan without a cosigner, and she has been denied credit. Ms. Aleksic also suffered from lost sleep and headaches as a result of the distress caused by defendant's conduct.

16. Defendant has been repeatedly sued by consumers for mixing consumers' credit files and the failure to take reasonable steps to ensure the maximum possible accuracy of consumers' credit files.

## COUNT I – FCRA – MAXIMUM POSSIBLE ACCURACY

17. Plaintiffs incorporate ¶¶1-16.

18. Under the Fair Credit Reporting Act, 15 U.S.C. §1681e, defendant is required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

19. Defendant willfully or negligently failed to take reasonable measures to ensure the maximum possible accuracy of plaintiffs' credit files.

20. Defendant violated 15 U.S.C. §1681n and/or §1681o.

21. Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

   **(1)**

> **(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

22. Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

23. Section 1681p provides:

**§ 1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**
  **(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**
  **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant for:

    (1)    Appropriate actual, punitive and statutory damages;

    (2)    Attorney's fees, litigation expenses and costs of suit;

    (3)    Such other or further relief as the Court deems proper.

### COUNT II – FCRA – IMPROPER INVESTIGATION

24. Plaintiffs incorporate ¶¶1- 16.

25. Under the Fair Credit Reporting Act, 15 U.S.C. §1681i, defendant is required to conduct a reasonable investigation if a consumer such as one of the plaintiffs disputes the accuracy of an item on his or her credit report.

26. Defendant willfully or negligently (a) failed to take reasonable measures to investigate plaintiffs' disputes, and (b) failed to correct plaintiffs' credit report.

27. Plaintiffs were damaged as a result.

28. Defendant violated 15 U.S.C. §1681n and/or §1681o.

29. Section 1681p provides:

**§ 1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USCS §§ 1681et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--**
  **(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or**
  **(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiffs request that the Court enter judgment in their favor and against defendant for:

    (4)    Appropriate actual, punitive and statutory damages;

    (5)    Attorney's fees, litigation expenses and costs of suit;

    (6)    Such other or further relief as the Court deems proper.

## COUNT III – FAIR CREDIT REPORTING ACT – PERMISSIBLE PURPOSE

30. Plaintiffs incorporate paragraphs 1- 16.

31. As described above, Equifax furnished plaintiffs' consumer report to creditors who did not have a permissible purpose for obtaining it, in that the other plaintiff was the person applying for credit.

32. 15 U.S.C. §1681b prohibits consumer reporting agencies from furnishing consumer reports to third parties except for certain enumerated "permissible purposes."

33. By and through the acts and practices described in the paragraphs above,

defendant negligently or willfully violated 15 U.S.C. §1681b.

    WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and against defendant for:

    (1)  Appropriate actual, punitive and statutory damages;

    (2)  Attorneys fees, litigation expenses and costs of suit;

    (3)  Such other or further relief as the Court deems proper.

           s/Daniel A. Edelman
           Daniel A. Edelman

Daniel A. Edelman
Tara L. Goodwin
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiffs demand trial by jury.

>s/Daniel A. Edelman
Daniel A. Edelman

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)